**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4610**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY ROGER WARREN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-04-221)

─────────────

Submitted: March 22, 2006          Decided: April 11, 2006

─────────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. John J. Frail, Monica Lynn Dillon, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry Roger Warren seeks to appeal his conviction, pursuant to a guilty plea, on one count of attempting to possess with intent to distribute marijuana and the resulting twenty-four month sentence. In criminal cases, the defendant must file a notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may extend the time in which to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Here, the appeal period expired on April 20, 2005; the excusable neglect period expired on May 20, 2005. While Warren's pro se notice of appeal is date stamped and filed by the district court on May 31, 2005, the notice contains Warren's declaration under penalty of perjury that he placed an original and copies of the notice, with first class pre-paid postage affixed, into the prison mail system on May 14, 2005. See Fed. R. App. P. 4(c). Thus, it appears Warren delivered the notice to prison officials for mailing by May 14, 2005, and is therefore entitled to the benefit of the mailbox rule of Houston v. Lack, 487 U.S. 266 (1988). Because the record indicates that Warren's notice of appeal should be deemed filed within the excusable neglect period, we remand the case to the district court for the court to determine

whether Warren has demonstrated excusable neglect or good cause warranting an extension of the ten-day appeal period.[*]  The record as supplemented with the district court's findings on remand will then be returned to this court.  We also defer ruling on the United States' motion to dismiss the appeal pending the district court's determination.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

---

[*]Should the Government dispute that Warren's notice of appeal was properly delivered to prison officials within the excusable neglect period, the district court should resolve whether and when Warren satisfied the requirements of Fed. R. App. P. 4(c).